# MEMORANDA

OF

## CASES NOT REPORTED IN FULL.

---

GEORGE A. SEAMAN AND OTHERS, EXECUTORS OF JOHN
B. SEAMAN, APPELLANTS, *v.* G. IRVINE WHITEHEAD,
RESPONDENT.

*Attachment as for a contempt — a surrogate cannot issue it to enforce payment
by executors of a sum of money directed to be paid by them, by a decree made on
a final accounting.*

APPEAL from an order, made by the surrogate of the county
of Dutchess, directing an attachment to issue against the appel
lants, as executors, for a failure to pay to the respondent the
sum of $163.65, as required by a decree, made upon their final
accounting, entered May 31, 1878, and denying a motion by the
executors to open the said decree, and for a rehearing.

With reference to the attachment, the court at General Term
said : " We think the learned surrogate erred in ordering an
attachment to issue against the executors for the non-payment of
the sum ordered by the decree, on final accounting, to be paid to
the respondent Whitehead. The case of *Watson* v. *Nelson* (69
N. Y., 536) seems decisive upon this point. The surrogate could
only enforce a final decree, or an interlocutory order for the pay-
ment of money by an execution against the person, or if the debt
ordered paid was founded upon contract, by an execution against
the property. This result is arrived at by the Court of Appeals
after a very full examination of the statutes. The case of *Seaman*
v. *Duryea* (11 N. Y., 324), which seems to favor the view that an
attachment could issue as for a contempt, upon non-payment of
moneys by a guardian, under a surrogate's order, is considered in

the later case of *Watson* v. *Nelson*. The court say that the question whether the proper process was a commitment, as for a contempt, or a precept or execution, was not discussed or considered in *Seaman* v. *Duryea*. That part of the order, therefore, which directs the attachment to issue as for a contempt should be reversed."

*Albert Stickney* and *Edward M. Shepard*, for the appellants. *W. I. Thorn*, for the respondent.

Opinion by Barnard, P. J. ; Dykman, J., concurred.

Gilbert, J., concurred as to the attachment, but thought the decree should have been opened and corrected as to allowance.

Order modified in accordance with opinion of Justice Barnard, and order to be settled by him.